1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12   AMAZING STEWART,                      1:10-cv-01093-LJO-JLT (PC)

13        Plaintiff,                        FINDINGS AND RECOMMENDATIONS
                                            GRANTING DEFENDANTS' MOTION TO
14        vs.                               DISMISS FOR FAILURE TO EXHAUST
                                            ADMINISTRATIVE REMEDIES
15   L. BROWN, et al.,
                                            (Doc. 18).
16        Defendants.

17

18

19
          Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. §
20
     1983.   On July 11, 2012, Defendants Brown, Dent, and Gomez filed a motion to dismiss
21
     Plaintiff's Complaint for failure to exhaust administrative remedies.  (Doc. 18).  Plaintiff has not
22
     filed an opposition.   For the reasons set forth below, Defendants' motion to dismiss is
23
     **GRANTED**.
24
          **I.      Background**
25
          Plaintiff filed his Complaint on May 10, 2010.  (Doc. 1).  The Complaint alleges that on
26
     April 28, 2009, while incarcerated at Pleasant Valley State Prison, Defendants Brown, Dent,
27

28

                                        1

1    Gomez, Brommol, and Deverick[1] violated Plaintiff's Eighth Amendment right to be free from

2    cruel and unusual punishment when they failed to protect him from another inmate.  (Doc. 1).

3    Specifically, Plaintiff alleges that he was called to the medical clinic for an appointment to see a

4    doctor.  Plaintiff contends that when he arrived in the medical clinic, several Southern Hispanic

5    inmates were in the holding tank and were waiting to be seen by medical personnel.  Plaintiff

6    contends that he attempted to avoid a possible altercation by telling the officers that a "keep

7    separate" order was in place because of several incidents between Hispanic and Black inmates.

8    (Doc. 1).

9         Plaintiff was given the option to either enter the holding tank with the other inmates or

10   return to his cell and reschedule his appointment.  Plaintiff chose to enter the holding tank.

11   Plaintiff contends that shortly after he entered the holding tank, one of the Hispanic inmates

12   punched him in the face.  (Doc. 1). Plaintiff alleges he defended himself until one of the

13   defendants sounded his personal alarm. (Doc. 1).

14        Immediately after the incident, Plaintiff was placed in the Administrative Segregation

15   Unit on the basis that he "presents an immediate threat to the safety of others."  (Doc. 18-6 at 24).

16   On April 30, 2009, Plaintiff was issued a Rules Violation Report for "Battery on an Inmate."

17   (Doc. 18-6 at 18-19 and 26).  The other inmate did not receive a Rules Violation.  The hearing

18   convened on May 22, 2009 and Plaintiff was given a copy of the CDC 115 Rules Violation

19   Report at the hearing.  (Doc. 18-6 at 18).

20        The Rules Violation Report was signed on June 9, 2009.  (Doc. 18-6 at 18).  That same

21   date, Plaintiff filed a 602 Inmate grievance requesting that his 115 (rules violation) be removed

22   from his file and that the correctional officers be held accountable for their disregard of 15 CCR

23   sections 3300 (prevention of disorders) and 3271 (responsibility for safe custody of inmates).

24   (Doc. 18-6 at 10).

25        Plaintiff's 602 was bypassed at the Informal and Formal Level.  (Doc. 18-6 at 10).

26   Plaintiff's appeal was denied at the Second Level review. (Doc. 18-6 at 15).   Plaintiff requested

27        [1] Only Defendants Dent, Gomez, and Brown have been served with the Complaint.  (Doc. 19).

28

2

1  a third level review because he believed he should be found "not guilty" of the charges stated in

2  the Rules Violation Report.  (Doc. 18-6 at 5).  The Director's Level Appeal, dated January 26,

3  2010, denied Plaintiff's appeal.

**II.      Motion To Dismiss Under The PLRA For Failure To Exhaust Administrative**

**Remedies**

6          The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with

7  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

8  confined in any jail, prison, or other correctional facility until such administrative remedies as are

9  available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all

10 available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct.

11 910, 166 L.Ed.2d 798 (2007). The Supreme Court held that "the PLRA's exhaustion requirement

12 applies to all inmate suits about prison life, whether they involve general circumstances or

13 particular episodes, and whether they allege excessive force or some other wrong." Porter v.

14 Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Exhaustion of remedies is

15 required, regardless of the relief sought by the prisoner, as long as the administrative process can

16 provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741, 121

17 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

18         The California Department of Corrections and Rehabilitation ("CDCR") established an

19 administrative system for prisoners' grievances. See Cal.Code Regs., tit. 15 § 3084, et seq. To

20 properly exhaust the administrative remedies, a prisoner must comply with the deadlines and

21 other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165

22 L.Ed.2d 368 (2006).

23         The exhaustion requirement of § 1997e(a) does not impose a pleading requirement, but

24 rather is an affirmative defense under which defendants have the burden of proving the plaintiff

25 failed to exhaust the available administrative remedies before filing a complaint in the District

26 Court. Jones, 549 U.S. at 216. A motion raising a prisoner's failure to exhaust the administrative

27 remedies is properly asserted by way of an unenumerated motion under Fed.R.Civ.P 12(b). Wyatt

28 v. Terhune, 315 F.3d 1108, 1119 (9th Cir.2003); Ritza v. Int'l Longshoremen's &

1   Warehousemen's Union, 837 F.2d 365, 368 (9th Cir.1998) (per curium). In determining whether a

2   case should be dismissed for failure to exhaust the administrative remedies, "the court may look

3   beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous

4   to summary judgment." Id. at 111920. When the court concludes the prisoner has not exhausted

5   all of his available administrative remedies, "the proper remedy is dismissal without prejudice."

6   Id.

7        The CDCR'S grievance process is initiated by submitting a CDC Form 602. Cal.Code

8   Regs., tit. 15 § 3084.2(a). Four levels of appeal are involved, including the informal level, first

9   formal level, second formal level, and third formal level (the "Director's Level"). Id. at § 3084.5.

10  Appeals must be submitted within fifteen working days of the event being appealed, and the

11  process is initiated by submission of the appeal to the informal level, or in some circumstances,

12  the first formal level. Id. at §§ 3084.5, 3084.6(c).

13       Under the CDCR regulations, an inmate is required to "describe the problem and the

14  action requested" in his appeal. Cal.Code Regs. tit. 15, § 3084.2(a). Accordingly, an inmate

15  appeal satisfies California's regulations "if it alerts the prison to the nature of the wrong for which

16  redress is sought." Griffin, 557 F.3d at 1120; McCollum v. California Dept. of Corrections and

17  Rehabilitation, 647 F.3d 870, 876 (9th Cir.2011). In Womack v. Bakewell, 2010 WL 3521926 at

18  1 (E.D.Cal. Sept.8, 2010), this Court held, "California regulations do not require an inmate to

19  specifically identify a prison official in a grievance. Therefore a California inmate need not name

20  a particular individual during the grievance process in order to name that person as a defendant

21  and meet the PLRA's exhaustion requirement by the time he files suit. *See* Jones v. Bock, 549

22  U.S. 199, 218–219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Butler v. Adams, 397 F.3d 1181,

23  1183 (9th Cir.2005)."

24       **III.    Discussion**

25       In this motion, Defendants argue that Plaintiff has not exhausted his administrative

26  remedies because the only appeal reviewed at the third level (prior to the filing of Plaintiff's

27  Complaint) related to Plaintiff's disagreement with the ultimate findings in the Rules Violation

28  Report.  (Doc. 18-2 at 6).  Thus, Defendants assert that Plaintiff's 602--filed more than 40 days

1  after the incident and on the day the Rules Violation Report was signed--did not give the prison

2  notice of Plaintiff's failure to protect claim set forth in his May 2010 Complaint.  (Doc. 18 at 6).

3     A review of Plaintiff's inmate appeal number PVSP-09-01217 demonstrates that both the

4  content and the time of filing of this appeal was not sufficient to "allow prison officials to take

5  appropriate responsive measures" regarding Plaintiff's complaint that the involved officers failed

6  to protect him from the Southern Hispanic inmates in the holding tank. Griffin v. Arpaio (9th Cir.

7  2009) 557 F.3d 1117, 1121.  First, Plaintiff did not file his 602 inmate appeal within 15 working

8  days of the April 28, 2009 incident, as required by Cal.Code Regs., tit. 15 §§ 3084.5, 3084.6(c).

9  Instead, he filed it immediately after the Rules Violation Report was signed.  (Doc. 18-6 at 10).

10  Second, the action requested in the June 9, 2009 appeal asked that the findings of the 115 Rules

11  Violation Report be removed.  (Doc. 18-6 at 10).  Additionally, Plaintiff's description of the

12  problem in the grievance sets forth his position that he could not have "willfully committed the

13  assault" because he warned the officers of what might occur if he entered the holding tank.  (Doc.

14  18-6 at 13).  Plaintiff's request for a third level appeal further set forth Plaintiff's belief that he

15  should not be found guilty of the rules violation.  (Doc. 18-6 at 11).  Given the timing and content

16  of the June 9, 2009 appeal and the relief requested in Plaintiff's request for a third level review-

17  which sought only expungement of the rules violation hearing determination--the Court finds that

18  Plaintiff's appeal, number PVSP-09-01217, did not exhaust the administrative remedies as

19  required by the PLRA for the claim raised here.

20     **IV.     Findings And Recommendations**

21        Accordingly, IT IS HEREBY RECOMMENDED:

22        1.    That Defendants' motion to dismiss be **GRANTED**; and

23        These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

25  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

26  21 days after being served with these findings and recommendations, Plaintiff may file written

27  objections with the court.   Such a document should be captioned "Objections to Magistrate

28  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

1    the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2    F.2d 1153 (9th Cir. 1991).

3

4

     IT IS SO ORDERED.

5

6        Dated:    **October 15, 2012**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28