IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING STEWART,<br><br>    Plaintiff,<br><br>    vs.<br><br>L. BROWN, et al.,<br><br>    Defendants. | 1:10-cv-01093-LJO-JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 18). |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On July 11, 2012, Defendants Brown, Dent, and Gomez filed a motion to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies. (Doc. 18). Plaintiff has not filed an opposition. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

   **I.   Background**

Plaintiff filed his Complaint on May 10, 2010. (Doc. 1). The Complaint alleges that on April 28, 2009, while incarcerated at Pleasant Valley State Prison, Defendants Brown, Dent,

1

Gomez, Brommol, and Deverick[1] violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from another inmate.  (Doc. 1). Specifically, Plaintiff alleges that he was called to the medical clinic for an appointment to see a doctor.  Plaintiff contends that when he arrived in the medical clinic, several Southern Hispanic inmates were in the holding tank and were waiting to be seen by medical personnel.  Plaintiff contends that he attempted to avoid a possible altercation by telling the officers that a "keep separate" order was in place because of several incidents between Hispanic and Black inmates. (Doc. 1).

Plaintiff was given the option to either enter the holding tank with the other inmates or return to his cell and reschedule his appointment.  Plaintiff chose to enter the holding tank. Plaintiff contends that shortly after he entered the holding tank, one of the Hispanic inmates punched him in the face.  (Doc. 1). Plaintiff alleges he defended himself until one of the defendants sounded his personal alarm. (Doc. 1).

Immediately after the incident, Plaintiff was placed in the Administrative Segregation Unit on the basis that he "presents an immediate threat to the safety of others." (Doc. 18-6 at 24). On April 30, 2009, Plaintiff was issued a Rules Violation Report for "Battery on an Inmate." (Doc. 18-6 at 18-19 and 26).  The other inmate did not receive a Rules Violation.  The hearing convened on May 22, 2009 and Plaintiff was given a copy of the CDC 115 Rules Violation Report at the hearing. (Doc. 18-6 at 18).

The Rules Violation Report was signed on June 9, 2009.  (Doc. 18-6 at 18).  That same date, Plaintiff filed a 602 Inmate grievance requesting that his 115 (rules violation) be removed from his file and that the correctional officers be held accountable for their disregard of 15 CCR sections 3300 (prevention of disorders) and 3271 (responsibility for safe custody of inmates). (Doc. 18-6 at 10).

Plaintiff's 602 was bypassed at the Informal and Formal Level.  (Doc. 18-6 at 10). Plaintiff's appeal was denied at the Second Level review. (Doc. 18-6 at 15).   Plaintiff requested

---

[1] Only Defendants Dent, Gomez, and Brown have been served with the Complaint. (Doc. 19).

a third level review because he believed he should be found "not guilty" of the charges stated in the Rules Violation Report. (Doc. 18-6 at 5). The Director's Level Appeal, dated January 26, 2010, denied Plaintiff's appeal.

## II. Motion To Dismiss Under The PLRA For Failure To Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") established an administrative system for prisoners' grievances. See Cal.Code Regs., tit. 15 § 3084, et seq. To properly exhaust the administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

The exhaustion requirement of § 1997e(a) does not impose a pleading requirement, but rather is an affirmative defense under which defendants have the burden of proving the plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones, 549 U.S. at 216. A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed.R.Civ.P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.2003); Ritza v. Int'l Longshoremen's &

1 Warehousemen's Union, 837 F.2d 365, 368 (9th Cir.1998) (per curium). In determining whether a case should be dismissed for failure to exhaust the administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 111920. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

The CDCR'S grievance process is initiated by submitting a CDC Form 602. Cal.Code Regs., tit. 15 § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level (the "Director's Level"). Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

Under the CDCR regulations, an inmate is required to "describe the problem and the action requested" in his appeal. Cal.Code Regs. tit. 15, § 3084.2(a). Accordingly, an inmate appeal satisfies California's regulations "if it alerts the prison to the nature of the wrong for which redress is sought." Griffin, 557 F.3d at 1120; McCollum v. California Dept. of Corrections and Rehabilitation, 647 F.3d 870, 876 (9th Cir.2011). In Womack v. Bakewell, 2010 WL 3521926 at 1 (E.D.Cal. Sept.8, 2010), this Court held, "California regulations do not require an inmate to specifically identify a prison official in a grievance. Therefore a California inmate need not name a particular individual during the grievance process in order to name that person as a defendant and meet the PLRA's exhaustion requirement by the time he files suit. See Jones v. Bock, 549 U.S. 199, 218–219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.2005)."

**III.   Discussion**

In this motion, Defendants argue that Plaintiff has not exhausted his administrative remedies because the only appeal reviewed at the third level (prior to the filing of Plaintiff's Complaint) related to Plaintiff's disagreement with the ultimate findings in the Rules Violation Report. (Doc. 18-2 at 6). Thus, Defendants assert that Plaintiff's 602--filed more than 40 days

1  after the incident and on the day the Rules Violation Report was signed--did not give the prison
2  notice of Plaintiff's failure to protect claim set forth in his May 2010 Complaint. (Doc. 18 at 6).

3       A review of Plaintiff's inmate appeal number PVSP-09-01217 demonstrates that both the
4  content and the time of filing of this appeal was not sufficient to "allow prison officials to take
5  appropriate responsive measures" regarding Plaintiff's complaint that the involved officers failed
6  to protect him from the Southern Hispanic inmates in the holding tank. Griffin v. Arpaio (9th Cir.
7  2009) 557 F.3d 1117, 1121. First, Plaintiff did not file his 602 inmate appeal within 15 working
8  days of the April 28, 2009 incident, as required by Cal.Code Regs., tit. 15 §§ 3084.5, 3084.6(c).
9  Instead, he filed it immediately after the Rules Violation Report was signed. (Doc. 18-6 at 10).
10 Second, the action requested in the June 9, 2009 appeal asked that the findings of the 115 Rules
11 Violation Report be removed. (Doc. 18-6 at 10). Additionally, Plaintiff's description of the
12 problem in the grievance sets forth his position that he could not have "willfully committed the
13 assault" because he warned the officers of what might occur if he entered the holding tank. (Doc.
14 18-6 at 13). Plaintiff's request for a third level appeal further set forth Plaintiff's belief that he
15 should not be found guilty of the rules violation. (Doc. 18-6 at 11). Given the timing and content
16 of the June 9, 2009 appeal and the relief requested in Plaintiff's request for a third level review-
17 which sought only expungement of the rules violation hearing determination--the Court finds that
18 Plaintiff's appeal, number PVSP-09-01217, did not exhaust the administrative remedies as
19 required by the PLRA for the claim raised here.

20     **IV.**    **Findings And Recommendations**

21     Accordingly, IT IS HEREBY RECOMMENDED:

22     1.    That Defendants' motion to dismiss be **GRANTED**; and

23 These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the
25 Local Rules of Practice for the United States District Court, Eastern District of California. Within
26 21 days after being served with these findings and recommendations, Plaintiff may file written
27 objections with the court. Such a document should be captioned "Objections to Magistrate
28 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

5

the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

    Dated: **October 15, 2012**                  **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE