UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>L. BROWN, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01093 LJO JLT<br><br>ORDER DENYING MOTION TO REOPEN APPEAL PERIOD<br><br>(Doc. 17) |

I.  **Background**

On October 31, 2012, the Court granted Defendants' motion to dismiss for failure to exhaust the administrative remedies. (Doc. 24) Judgment was entered the same date and was served to Plaintiff at his place of incarceration, California Medical Facility in Vacaville, California. Id.  The mailing was returned as undeliverable "(Not in Custody)" on November 19, 2012.  On November 26, 2012, Plaintiff filed a notice of change of address on November 26, 2012 indicating he was then being held at Salinas Valley State Prison. (Doc. 25) The order dismissing the matter and judgment were re-served the next day.  Unfortunately, the new mailing was sent to the old address in Vacaville.  This mailing was returned on January 7, 2013.  Noting the error, the order and judgment was again served, this time to Plaintiff at Salinas Valley State Prison on January 7, 2013.  On this same date, Defendants

1

filed a letter they received from Plaintiff on January 2, 2013 and dated December 31, 2012, in which he was inquiring of the Court of the status of the matter. (Doc. 26 at 2-3)

On January 25, 2013, Plaintiff filed his notice of appeal. (Doc. 27) In the notice, Plaintiff sets forth the grounds for his appeal without any mention of the timeliness of the notice, that the notice be deemed timely or any request that the notice be construed as a request to reopen the appeal period. Id.

On March 28, 2012, the Ninth Circuit Court of Appeals remanded the matter to this Court to determine whether the information included in the notice of appeal, may be construed as a motion to reopen the period for appeal and, if so, whether the motion should be granted. (Doc. 31)

On March 29, 2013, Defendants filed their opposition to the Court considering Plaintiff's notice of appeal as a motion to reopen the appeal period. (Doc. 32) Alternatively, Defendants argue the appeal period should not be reopened.

## II.     The request for an extension of time fails to comply with FRAP 4(a)(6)[1]

As noted above, Plaintiff does not indicate in any fashion any awareness that the notice of appeal is untimely and, consequently, fails to offer any assertion that the appeal period should be reopened. However, given the problems with the delivery of the order and judgment described above, plainly, this situation is governed by F.R.A.P. 4(a)(6).

"Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." In re Alexander, 197 F.3d 421, 425 (9th Cir. 1999) quoting 16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999); Nunley v. City of L.A., 52 F.3d 792, 799 (9th Cir. 1995); See also Baker v. California Youth Auth., 1999 U.S. App. LEXIS 20359 (9th Cir. Cal. Aug. 25, 1999) ("Rule 4(a)(6), not Rule 4(a)(5), covers the situation where a party's failure to receive notice of an order precludes a timely appeal. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1202 (5th Cir. 1993).")

---

[1] Because the Court concludes that the request must be analyzed under F.R.A.P. 4(a)(6), it "need not" consider whether it comports with F.R.A.P. 4(a)(5). Nunley, 52 F.3d at 799 (Where a party alleges non-receipt of notice of entry of judgment, the Court need not reach the question of whether the request comports with Rule 4(a)(5) but, instead, analyzes the request under Rule 4(a)(6).) In any event, the Court finds that there is no showing of good cause or excusable neglect given Plaintiff fails to set forth any grounds, other than the late receipt of the notice of entry of judgment, for the untimely filing.

F.R.A.P. 4(a)(6) reads,

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, **but only if** all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

(Emphasis added). Here, clearly, Plaintiff did not receive notice of entry of judgment within 21 days of the entry. However, though the effective service did not occur until on January 7, 2013, the Court cannot determine whether Plaintiff filed his notice of appeal within 14 days of his receipt of the notice of entry of judgment. Plaintiff fails to provide any information on this point seemingly because he did not intend the filing to seek to reopen the appeal period.

Given this dearth of information, the Court lacks the ability to make the findings required by F.R.A.P. 4(a)(6). Because it may reopen the time to file an appeal "only if" it makes the F.R.A.P. 4(a)(6) findings, the Court lacks the "authority under Rule 4(a)(6) to reopen or extend the time for filing a notice of appeal." Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994) ("The district court had no discretion to grant an extension beyond the time provided for by Rule 4(a)(5) and 4(a)(6), and this court has no authority to re-establish the date on which final judgment was entered. To hold otherwise would circumvent the jurisdictional nature of Rule 4(a).") Therefore, the motion to reopen the notice of appeal is **DENIED.**

### III.     Conclusion

Because Plaintiff failed to provide a sufficient factual basis for his request to reopen the period for filing an appeal, the Court does not find the notice of appeal can be construed as a motion to reopen the appeal period. However, assuming it can be construed as such a motion, the Court cannot make the findings required to reopen the appeal and, therefore, DENIES the motion.

///

**ORDER**

Based on the foregoing, the Court **ORDERS**:

1. The motion to reopen the appeal period is **DENIED**;

2. The Clerk of the Court is **DIRECTED** to send a copy of this order to the Ninth Circuit Court of Appeals forthwith.

IT IS SO ORDERED.

Dated:   **April 3, 2013**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

4