UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING STEWART, | Case No.: 1:10-cv-01093 LJO JLT |
| Plaintiff, | ORDER GRANTING MOTION TO REOPEN APPEAL PERIOD |
| v. | |
| L. BROWN, et al., | |
| Defendants. | |

**I.      Background**

On October 31, 2012, the Court granted Defendants' motion to dismiss for failure to exhaust the administrative remedies. (Doc. 24)  Judgment was entered the same date and was served to Plaintiff at his place of incarceration, California Medical Facility in Vacaville, California. Id.  The mailing was returned as undeliverable "(Not in Custody)" on November 19, 2012.  On November 26, 2012, Plaintiff filed a notice of change of address indicating he was then being held at Salinas Valley State Prison. (Doc. 25) The order dismissing the matter and judgment were re-served the next day. Unfortunately, the new mailing was sent to the old address in Vacaville.  This mailing was returned on January 7, 2013.  Noting the error, the order and judgment was again served, this time to Plaintiff at Salinas Valley State Prison on January 7, 2013.

1

1     On January 25, 2013, Plaintiff filed his notice of appeal. (Doc. 27) In the notice, Plaintiff sets
2 forth the grounds for his appeal without any mention of the timeliness of the notice, that the notice be
3 deemed timely or any request that the notice be construed as a request to reopen the appeal period. Id.
4 Sometime on February 21, 2013, Plaintiff responded to an inquiry of the Court of Appeals related to
5 the timeliness of his notice of appeal. In it, Plaintiff noted he received the notice of entry of judgment
6 sometime in "in early January" and reported he would have filed the notice of appeal timely from the
7 October 31, 2012 entry of judgment had he known about it.

8     On March 28, 2013, the Ninth Circuit Court of Appeals remanded the matter to this Court to
9 determine whether the information included in the notice of appeal and his filing in that court, may be
10 construed as a motion to reopen the period for appeal and, if so, whether the motion should be granted.
11 (Doc. 31)

12    On March 29, 2013, Defendants filed their opposition to the Court considering Plaintiff's
13 notice of appeal as a motion to reopen the appeal period. (Doc. 32) On April 3, 2013, the Court
14 refused to reopen the appeal period for several reasons including that Plaintiff never sought this relief
15 and that even if he did seek this relief, he failed to demonstrate that the relief was warranted under
16 FRAP 4(a)(6). (Doc. 36)

17    Curiously, despite the earlier instruction that the matter was being remanded "for the *limited*
18 *purpose*" of determining whether the notice of appeal could be construed as a motion to reopen the
19 appeal period and despite the court's finding it could not be so construed, the Ninth Circuit again
20 remanded the matter on April 24, 2013. Seemingly, the Ninth Circuit had determined Plaintiff's
21 notice of appeal *must be construed* as a motion to reopen the appeal period. Without comment on this
22 Court's decision the notice of appeal *could not be construed* as a motion to reopen the appeal period
23 regardless of the compliance with FRAP 4(a)(6), the Ninth Circuit found this Court should have
24 "afforded appellant an opportunity to file a declaration [and failed to] conduct[ ] any factual
25 investigation or other evidentiary proceedings beyond the face of the pleadings regarding when
26 appellant received notice of entry of judgment," apparently, beyond what the Ninth Circuit had already

27
28                                              2

done. In so finding, implicitly the Ninth Circuit recognizes the notice of appeal on its face, cannot be construed as a motion to reopen the appeal period.

In any event, in response to the Ninth Circuit's order remanding the matter, this Court ordered Plaintiff and Defendants to file declarations setting forth the dates Plaintiff received the notice of entry of judgment and the date upon which he filed his appeal. On May 9, 2013, Plaintiff filed his declaration and erroneously blamed Defendants for failing to confirm his location of housing and noting had he been served with the notice of entry of judgment in a timely fashion, he "would have responded to the court." (Doc. 38 at 1) He did not indicate the dates on which he received the order or the date he deposited his notice of appeal with the prison officials. Id. Thus, the Court ordered Plaintiff to file a supplemental declaration which included these facts. (Doc. 39)

On May 16, 2013, Defendants filed their opposition to the motion and, as ordered, supplied Plaintiff's mail log demonstrating the notice of entry of judgment was received by Plaintiff on January 10, 2013 and he filed his notice of appeal on January 23, 2013. (Doc. 40-1 at 4). On May 20, 2013, Plaintiff filed his supplemental declaration adopting the dates set forth in the mail log as accurate. (Doc. 41) It is against this backdrop that the Court considers the merits of the motion to reopen the appeal period.

**II.     Because the motion to reopen the appeal period was timely filed, the Court concludes the motion should be granted.**

"Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." In re Alexander, 197 F.3d 421, 425 (9th Cir. 1999) quoting16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999); Nunley v. City of L.A., 52 F.3d 792, 799 (9th Cir. 1995); See also Baker v. California Youth Auth., 1999 U.S. App. LEXIS 20359 (9th Cir. Cal. Aug. 25, 1999) ("Rule 4(a)(6), not Rule 4(a)(5), covers the situation where a party's failure to receive notice of an order precludes a timely appeal. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1202 (5th Cir. 1993).")

F.R.A.P. 4(a)(6) reads,

The district court may reopen the time to file an appeal for a period of 14 days after the

3

date when its order to reopen is entered, **but only if** all the following conditions are satisfied:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C) the court finds that no party would be prejudiced.

(Emphasis added). Here, clearly, Plaintiff did not receive notice of entry of judgment within 21 days of the entry.[1] Plaintiff received the notice of entry of judgment on January 10, 2013 and filed his notice of appeal on January 23, 2013. (Doc. 40-1 at 4)

Though Defendants assert the motion to reopen the appeal period should not be granted (Doc. 40 at 3-5), they do not describe any prejudice which would result and the Court is unaware of any. Therefore, the motion to reopen the notice of appeal is **GRANTED.**

### III. Conclusion

Because Plaintiff received notice of entry of judgment on January 10, 2013 and filed his notice of appeal on January 23, 2013 and the Court knows of no prejudice which would arise if the motion is granted, the Court finds the motion to reopen the appeal period should be granted.

**ORDER**

Based on the foregoing, the Court **ORDERS**:

1.     The motion to reopen the appeal period is **GRANTED**;

///

///

---

[1] As noted above, Plaintiff does not make any assertion that the appeal period should be reopened and does not, therefore, constitute a motion. Fed. R. Civ. P. 7(b) (A motion must "be in writing", (b) "state with particularity the grounds for seeking the order, and (c) state the relief sought." However, apparently, the Ninth Circuit Court of Appeals has determined Plaintiff's filings *do* constitutes a motion to reopen the appeal period. The Ninth Circuit instructed this Court, "The district court shall . . . make any other factual findings required to rule on **the motion to reopen the time to appeal**." (Doc. 38 at 2, emphasis added.) Thus, because the Ninth Circuit *has already* determined Plaintiff's notice of appeal is a motion to reopen the appeal period, the Court accepts this finding and considers only whether the motion has merit.

4

2. The Clerk of the Court is **DIRECTED** to send a copy of this order to the Ninth Circuit Court of Appeals forthwith.

IT IS SO ORDERED.

Dated:   **May 22, 2013**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE