IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING STEWART, | 1:10-cv-01093-LJO-JLT (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| L. BROWN, et al, | (Doc. 45) |
| Defendants. | |

On June 3, 2013, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 45). Plaintiff reports that he has been diagnosed as "bipolar coupled with clinical depression," which he avers affects his ability to understand legal terminology and meet Court deadlines. Id. at 1-2. In addition, Plaintiff wishes the Court to consider his lack of legal training and limited access to the law library. Id. For the following reasons, the Court **DENIES** Plaintiff's request for counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek

volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court considers that as a *pro se* litigant, Plaintiff submitted a cognizable 42 U.S.C. 1983, (Doc. 13), that Plaintiff timely responded to the Court's prior orders, and that Plaintiff now proceeds on his appeal to the Ninth Circuit. (Doc. 27). Thus, while Plaintiff may have a emotional disability, it does not appear to present a significant impediment to prosecuting his action. While the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his Ninth Circuit appeal, based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is **HEREBY DENIED, without prejudice**.

IT IS SO ORDERED.

Dated:  **June 8, 2013**                                        /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE