UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZING STEWART,<br><br>     Plaintiff,<br><br>     v.<br><br>L. BROWN, et al.,<br><br>     Defendants. | Case No.: 1:10-cv-01093 LJO JLT<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On October 31, 2012, the Court dismissed this case based upon its determination Plaintiff failed to exhaust his administrative remedies as required by the PLRA. (Docs. 23, 24). Plaintiff filed a notice of appeal (Doc. 27) which has been determined to have been timely filed. (Doc. 42) On May 30, 2013, the Ninth Circuit referred the matter back to this Court for the limited purpose of deciding whether Plaintiff's in forma pauperis status should continue on appeal. (Doc. 44) For the reasons set forth below, the Court concludes that it should not.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674 (1958). An action is frivolous "where it lacks an arguable basis

1

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Here, Plaintiff's claims lack any arguable basis in law

In his complaint, Plaintiff alleged that on April 28, 2009, he was injured in a fight with members of a different ethnic group. (Doc. 1 at 4) Plaintiff claimed that officers placed him in a holding cell with Hispanic inmates despite knowing that, due to several incidents of violence, Black inmates and Hispanic inmates needed to be held separately. Id. Though Plaintiff claims he suffered physical injuries in this fight, Plaintiff did not submit a 602 grievance related to this incident.

On April 30, 2009, officials issued Plaintiff a rules violation report alleging he had committed battery on an inmate during the April 28, 2009 fight. (Doc. 18-6 at 18-19, 26) Plaintiff was given a hearing on the matter and on June 9, 2009, he was found guilty of the offense. (Doc. 18-6 at 18) That same date, Plaintiff filed a grievance complaining about the outcome of the hearing and requesting he be found "not guilty" of the offense. (Doc. 18-6 at 5) Also, Plaintiff asked that the officers be held responsible for failing to prevent disorder and for violating their obligation to ensure the safe custody of inmates. (Doc. 18-6 at 10) The appeal was denied at all levels. (Doc. 18-6 at 2-3)

In the current action, Defendants filed a motion to dismiss based upon Plaintiff's failure to exhaust his administrative remedies. They argued that Plaintiff failed to file a timely grievance complaining of the conduct of the officers related to the April 28, 2009 fight. Plaintiff opposed the motion and argued that he exhausted the grievance related to the RVR and this was sufficient to allow the lawsuit to proceed although he was not seeking damages related to the outcome of the RVR proceeding.

Implicit in Plaintiff's argument was that an inmate who is found to be blameworthy in the incident in which he is injured has two opportunities to grieve it—one time when the event occurs and one time when the RVR is determined against him. On the other hand, an inmate who suffers an injury but is blameless—such that an RVR is not issued—has only one opportunity. Upon this rationale, Plaintiff contends that even though his grievance here was from the RVR determination, he can use *that* grievance as a platform for litigating, not the RVR determination, but the injuries he suffered on April 28, 2009 as a result of the officers' alleged neglect of duty. Accepting this argument

would necessitate the Court ignore the requirements of the CDCR's procedures which mandated that the grievance be filed within 15 days of April 28, 2009. Cal. Code Regs., tit. 15 §§ 3084.5, 3084.6(c). Because the Court is bound by the CDCR's procedures in determining whether exhaustion occurred for purposes of the PLRA (42 U.S.C. § 1997e), the Court concludes that the appeal, which requires the Court to ignore these requirements, is frivolous.

Based upon the foregoing, the Court finds the appeal from the dismissal of the action lacks an arguable basis either in law or in fact and is not taken in good faith.

Accordingly, it is **HEREBY ORDERED** that:

1. The Court certifies that Plaintiff's appeal is not taken in good faith and Plaintiff's in forma pauperis status is **REVOKED**;

2. The Clerk of the Court is directed to forward a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **June 12, 2013**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

3